**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION**

| | |
|---|---|
| PRIVATE CAPITAL GROUP, INC., *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> BRAL HOLDINGS, LLC, *et al.*, <br><br><br> Defendants. <br><br><br><br><br> DE NORA TECH, INC., <br><br> Plaintiff-Intervenor, <br><br> vs. <br><br> PRIVATE CAPITAL GROUP, INC., *et al.*, <br><br> Defendants. | **RESPONSE TO MOTION TO ENFORCE SETTLEMENT AGREEMENT** <br><br> Civil No: CV-10-S-1398-NW |

COME NOW, Plaintiffs/Defendants PRIVATE CAPITAL GROUP, INC., et al., ("PCG") by and through counsel undersigned, and hereby respond to De Nora Tech, Inc.'s Motion to Enforce Settlement Agreement as follows:

**BACKGROUND**

1.     Private Capital Group and a number of lenders brought the instant litigation in 2009.

1

2. De Nora Tech intervened in the instant litigation and brought claims against Private Capital Group and the lenders seeking reimbursement for cleanup costs associated with the 102 Maryland Street, Tuscumbia, Alabama property.

3. Following months of litigation, the parties reached a settlement and De Nora Tech agreed to drop all claims against Plaintiffs in return for the execution of a Quitclaim Deed and Partial Release of Lien on the 102 Maryland Street property, among other things.

4. In approximately June 2011, the parties worked out the terms of a Settlement Agreement.

5. De Nora Tech has failed to provide Plaintiffs with any signed documents necessary to finalize the Settlement Agreement.

6. Nevertheless, Plaintiffs have moved forward and begun gathering lenders' signatures on the Settlement Agreement, Quitclaim Deed and Partial Release of Lien.

7. Of the the thirty-six (36) lenders that De Nora Tech has requested each individually sign the Quitclaim and Partial Release of Lien, Private Capital Group has gathered thirty-three (33) signatures.

8. Only within the last week or so did Defendant/Plaintiff-Intervenor's counsel discuss the idea of obtaining title insurance on the property.

9. Plaintiffs' counsel is currently working to obtain such insurance for the property.

## I.    **<u>PLAINTIFFS HAVE NOT BREACHED THE SETTLEMENT AGREEMENT, IN FACT DE NORA TECH HAS STILL YET TO SIGN THE AGREEMENT.</u>**

Defendant/Intervenor-Plaintiff De Nora Tech's Motion rests solely on the argument that not every single lender-Plaintiff in this matter has signed the Quitclaim Deed and Release of Lien, when in fact De Nora Tech has yet to even sign the Settlement Agreement and return the

document to Plaintiffs. Plaintiff Private Capital Group and its counsel have put considerable effort into obtaining all necessary signatures on the Quitclaim Deed and Release of Lien. Nevertheless, at the outset of of negotiations, Plaintiffs' counsel advised De Nora Tech that it would likely take several months to gather all lenders' signatures. Clearly, it has proved difficult. Nevertheless, at this point it appears that just a handful of signatures remain to be obtained, despite the fact Plaintiffs have still not seen any copy of the Settlement Agreement with De Nora Tech's signature. See "Lender Signatures" attached as **Exhibit A**.

## II. <u>DE NORA TECH'S REQUEST FOR ENFORCEMENT IS WITHOUT BASIS AND SERVES ONLY TO DELAY FINAL RESOLUTION OF THIS MATTER.</u>

It seems rather peculiar that De Nora Tech seeks enforcement of a Settlement Agreement they have yet to sign. Plaintiffs have put considerable time and effort into obtaining lender signatures and clearly plan to move forward with the Settlement Agreement. More recently, counsel discussed the possibility of Private Capital Group obtaining insurance to protect De Nora Tech from any claims against the property brought by lenders who fail to sign the Quitclaim and/or Partial Release. Nevertheless, despite Private Capital Group's willingness to obtain such a policy, De Nora Tech's recent filing only serves to undermine their request.

For simplicity's sake and to obtain the precise type and amount of insurance according to De Nora Tech's desires, Plaintiffs' counsel requested that De Nora Tech counsel obtain an insurance policy to suit its needs. Private Capital Group expressed its willingness to sign the policy and provide the necessary funding if De Nora Tech would perform the initial legwork and obtain the policy information. Nevertheless, even though an insurance policy was not part of the terms of the original Settlement Agreement, De Nora Tech has attempted to shift the

burden on to Plaintiffs while at the same time demanding that Private Capital Group obtain every single signature.

Although Private Capital Group is still doing its best to obtain the remaining lender signatures, at this point it is unclear how De Nora Tech intends to move forward. An Order enforcing the Settlement Agreement should not serve to place an undue burden upon those Plaintiffs that have already signed the Quitclaim Deed and Release of Lien.

## CONCLUSION

Plaintiffs have no objection to the enforcement of the terms of the Settlement Agreement and in fact, assert that both sides are bound and have substantially consummated the Agreement through their efforts and actions. Moreover, in light of this Court's pending decision on the settlement agreements and related dismissals entered into with Defendants Bennett and Spence, it appears that all matters in this case have been resolved.

DATED this 12th day of September, 2011.

Respectfully submitted,

/s/ Charles R. Johanson
CHARLES R. JOHANSON III (JOH013)
*Attorney for Plaintiffs/Defendants*

**Of Counsel:**
ENGEL, HAIRSTON & JOHANSON P.C.
4th Floor 109 North 20th Street
P.O. Box 11405
Birmingham, AL 35202
Telephone: (205) 328-4600
Telefax: (205) 328-4698

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 12, 2011, I electronically filed the foregoing paper with the Clerk of Court using the CM/ECF system which will send such filing to the following:

> <u>*Counsel for De Nora Tech*</u>
> Michael B. Duffy, Esq.
> T. Michael Brown, Esq.
> BRADLEY ARANT BOULT CUMMINGS LLP
> One Federal Place
> 1819 Fifth Avenue North
> Birmingham, AL 35203-2104

I also certify that I have mailed this filing by the United States Postal Service to the following parties who are not registered to receive electronic service by operation of the court's electronic filing system:

> *Defendant BRAL Holdings, LLC*
> c/o William Robert Little III
> 4460 Legendary Dr.
> Suite 400
> Destin, FL 32541
>
> *Defendant David W. Spence*
> 1647 Golden Fields Drive
> Germantown, TN 38138
>
> *Defendant David R. Bennett*
> 4460 Legendary Dr.
> Suite 400
> Destin, FL 32541

/s/ Charles R. Johanson
OF COUNSEL